**SO ORDERED.**

**SIGNED this 26 day of October, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

For on-line use but not for print publication.
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| BROOKE CORPORATION, et. al., | CASE NO. 08-22786 |
| DEBTORS. | (jointly administered) CHAPTER 7 |
| ALBERT A. RIEDERER, Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., | |
| PLAINTIFF, | |
| v. | ADV. NO. 10-06166 |
| GI AGENCY, INC., et. al., | |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT GOODLANDER FUNERAL SERVICES, LLC'S
MOTION TO DISMISS**

In this adversary proceeding the Chapter 7 Trustee of Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. (hereafter collectively "Debtors") seeks to recover from defendants (insurance agencies and/or agents franchisees of Brooke) agent statement balances and other similar obligations allegedly owed by the agents to the bankruptcy estates. One of the defendants, Goodlander Funeral Services, LLC (hereafter "Defendant"), moves to dismiss for failure to state a claim upon which relief may be granted (hereafter "Motion"). The Trustee opposes the Motion.

**APPLICABLE STANDARD.**

Defendant moves to dismiss pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 12(b)(6) of the Federal Rules of Civil Procedure and provides for dismissal for "failure to state a claim upon which relief can be granted." Such a motion tests the sufficiency of the factual allegations of the complaint. The pleading standard established by the Supreme Court in *Twombly*[1] and *Iqbal*[2] is easily stated. "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[3] "Factual allegations must be enough to raise a right to relief above the speculative level."[4] Plausibility has been construed by the Tenth Circuit as not

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008), (quoting *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at ___, 129 S.Ct. 1949 (relying on *Twombly* to support statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

[4] *Twombly*, 550 U.S. at 555.

2

meaning "likely to be true" but as to referring to the scope of the allegations in a complaint.[5] They "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[6] "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claims against them."[7] "In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense."[8]

**THE CLAIMS ASSERTED IN THE COMPLAINT.**

The claims for recovery against Defendant are based upon Brooke's business practices with its insurance franchisees. The Trustee alleges that Brooke controlled most of the cash flows for its franchise agencies, and its business practice was to pay most of the operating expenses for its agents, including rent and loan payments. Brooke then charged these payments (along with the percentage of ongoing commission revenues and or recurring franchise fees) to the agent's monthly statements as offsets to the commission revenues earned. When, as in many cases, the commission revenues where not sufficient to cover the costs, Brooke absorbed the costs or advanced funds to the agent to cover them and recorded them in the agent statement balance accounts. In this action, the Trustee seeks to recover the agent statement balances and other similar obligations owed by Defendant to the bankruptcy estates.

---

[5] *Robbins,* 519 F.3d at 1247.

[6] *Id.*

[7] *Id.*, at 1248.

[8] *Iqbal,* 556 U.S. at ___,129 S.Ct. at 1950; *Fifth Third Bank v. Brooke Holdings, Inc.*, 2011 WL 1337093 (D. Kan. case No. 10-2294, April 7, 2011).

3

The Complaint alleges five counts to recover these advances: Count I - action on account; Count II - action for money had and received; Count III - action for unjust enrichment; Count IV - constructive fraudulent conveyance; and Count V - recovery of avoided transfers.[9] Defendant's arguments regarding dismissal do not focus on particular counts but, under the general contention that the Complaint is not plausible on its face, make five assertions. The Court will address these assertions.

**ANALYSIS OF DEFENDANT'S ARGUMENTS.**

Defendant seeks dismissal on two bases. First, Defendant argues that the Affiliation Agreement between it and Brooke has been terminated, such that the Trustee has no right to recover. Second, Defendant argues that the Trustee's claims are subject to arbitration and the Trustee is time-barred from arbitrating those claims.

> **The Trustee's Post-petition Rejection of the Franchise Agreement with Defendant does not Preclude Trustee's Recovery.**

Defendant's position is that the Affiliation Agreement[10] between Defendant and Brooke has been terminated, and because of such termination the Complaint does not state a claim for recovery of the agent statement balances.[11] The basis for the alleged termination is this Court's

---

[9] The Complaint also prays in Count VI that defendants' proofs of claim be disallowed until such time as the respective defendants satisfy their obligations to the estates and in Count VII, to the extent that the defendants have valid claims, that such amounts be set off against the obligations the defendants have under the Complaint. Defendant makes no arguments regarding dismissal of these counts.

[10] A copy of the Affiliation Agreement is in the record as dkt. no. 68-1.

[11] Even if for some reason the Trustee has no cause of action based upon the Affiliation Agreement, this would provide a defense only to the claims based upon the agreement. Count I, action on account, and Count II, money had and received, are the only two counts which could possibly be subject to such a defense.

4

order entered on November 17, 2008 (hereafter "Rejection Order"),[12] granting the Trustee's Emergency Motion for Order Pursuant to 11 U.S.C. § 365(a) Authorizing Rejection of Franchise Agreements as of Petition Date (hereafter "Rejection Motion").[13] In the Rejection Motion the Trustee prayed for an order "authorizing as of October 28, 2008 rejection of all Franchise Agreements to which Debtors were parties as of that date." The Rejection Order granted the relief sought. There is no dispute that the Affiliation Agreement between Defendant and Brooke was included in the franchise agreements which the Trustee sought to reject and that the agreement was rejected.

The parties agree that rejection of an executory contract pursuant to 11 U.S.C. § 365 does not terminate a contract. Defendant's argument that the Rejection Order, in addition to approving rejection of the Affiliation Agreement, also terminated the agreement is based solely upon the following statement in the Rejection Motion submitted as part of the presentation of the basis for relief:

> 17. Given the fact that the Debtors are unable to perform their obligations under the Franchise Agreements, there is thus no value to the estate in maintaining them. Indeed, continuation of the Franchise Agreements post-petition subjects the estate to unnecessary administrative expenses as it would deal with franchisee termination on a piece-meal basis. Moreover, immediate termination of the (sic) all Franchise Agreements will release all franchisees to pursue other business opportunities.

However, in the prayer for relief the Trustee sought only rejection of all franchise agreements. The Rejection Order found cause for rejection and ordered the franchise agreements deemed

---

[12] Case no. 08-22786, dkt. no. 155.

[13] Case no. 08-22786, dkt. no. 105.

rejected as of the petition date. Neither the word "terminate" or "termination" are in the Rejection Order. There is absolutely no basis to conclude that the Affiliation Agreement between Brooke and the Defendant was terminated (as opposed to rejected) by action of this Court.[14]

**The Presence of an Arbitration Clause in the Affiliation Agreement does not Provide a Basis to Dismiss the Complaint.**

The Affiliation Agreement between Defendant and Brooke Franchise Corporation includes a section requiring arbitration of "[a]ny issue, claim, dispute or controversy that may arise out of, in connection with or relating the Affiliate Agreement (including addenda) and/or the relationship of the parties." Defendant argues, in the alternative, that if the Affiliation Agreement has not been terminated, it requires dismissal of the Complaint because the Trustee's claims were required to be settled by arbitration within two years of the bankruptcy Court's order permitting rejection of the affiliate agreement. The Courts rejects this position.

First, there is question whether the contractual arbitration clause applies to all of the claims asserted by the Trustee. Defendant assumes it does without providing any authorities in support. Defendant does not move to compel arbitration. Since it is not necessary to resolve the Motion, the Court declines to address the enforceability of the arbitration clause, a difficult, unsettled question[15] for which there is no direct guidance from the Tenth Circuit.

---

[14] Further, as pointed out by the Trustee in response to the motion to dismiss, the Affiliation Agreement in paragraph 15.7(h) provides that upon the termination of the Agreement, affiliate shall remain responsible for payment to Brooke for net premiums, return commissions, unearned commissions and return premiums. In addition paragraph 15.7(j) provides that "[o]n or prior to the termination effective date, any commission credited to Affiliate's agent account statement shall be subject to Affiliate fees."

[15] *See* 10 *Collier on Bankruptcy* ¶ 9019.05[2] (Alan N. Resnick & Henry J.Sommer eds.-in-chief, 16th ed. rev. 2010).

6

Second, as the Trustee points out, assuming some or all of the claims are subject to the contractual arbitration clause, the remedy is stay of the court proceeding regarding those claims pending arbitration, not dismissal.[16]  Defendant seeks dismissal not stay.

Third, the Court rejects Defendant's position that the claims are now time barred because arbitration was not requested within two years of the November 17, 2008, when rejection of the Affiliation Agreement was approved.

The Trustee makes the following arguments in opposition to Defendant's position.  First, the Trustee argues that the issue of whether arbitration of a dispute is time-barred is for the arbitrator to decide.[17]  Next, the Trustee points out that the arbitration clause does not contain a two year limitation.  Further, as again argued by the Trustee, assuming that Defendant is relying upon a state law limitation period and the period did not expire before the petition was filed, the action was timely filed pursuant to Bankruptcy Code § 108, which provides that the trustee may commence an action before the later of the end of the non-bankruptcy limitation period (including any suspension period occurring on or after the commencement of the case) or two years after the order for relief.  Defendant does not respond to these arguments by the Trustee.  The Court finds the Trustee's positions well taken and denies the Defendant's argument that the Motion should be granted because arbitration was not commenced within two years of the date the Court approved rejection of the Affiliation Agreement.

---

[16] *Quinn v. CGR*, 828 F.2d 1463 (10th Cir. 1987); *Cohen v. Ernst & Young, LLP (In re Friedman's, Inc).*, 372 B.R. 530, 549 (Bankr. S.D.Ga. 2007).

[17] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002).

**CONCLUSION.**

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is denied.

**IT IS SO ORDERED.**

###

8